IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES KYLE WILLIAMS,

    Plaintiff,

v.                                            CASE NO. 5:16-cv-3-LC-GRJ

JULIE JONES, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the Florida Department of Corrections presently confined at Northwest Florida Reception Center, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper by separate order. ECF Nos. 1, 2. The Complaint alleges that prison officials have violated his rights by interfering with the mail delivery of religious materials.

Plaintiff executed the civil rights complaint form under oath. ECF No. 1 at 11.[1] Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including

---

[1] Although Plaintiff signed the form on a separate handwritten page, the Court's civil rights complaint form submitted by Plaintiff includes an affirmation that the allegations are made under penalty of perjury.

whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed."  ECF No. 1 at 3-4 (emphasis added). The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF No. 1 at 4-5.  Plaintiff disclosed one state-court case filed in December 2015, but denied initiating any other cases in federal court.  *Id*.

A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegation, Plaintiff has two other federal cases pending that were filed before the instant case: *Williams v. Jones*, Case No. 5:15-cv-336-MP-GRJ (complaint date-stamped 12/29/15 and filed 12/31/15); *Williams v. Brannon*, Case No. 5:15-cv-337-MP-EMT (signed and date-stamped 12/29/15 and filed 12/31/15).  Both of these cases assert claims

regarding Plaintiff's conditions of confinement and clearly Plaintiff was required to disclose them in the instant Complaint.

The instant Complaint includes a "certificate of service" reflecting that Plaintiff signed it on December 29, 2015. However, the Complaint also has a date-stamp of December 31, 2015. It was received by this Court for filing on January 5, 2016, after the other two pending cases. It appears that all of Plaintiff's pending cases were prepared contemporaneously, yet Plaintiff failed to disclose the existence of the other cases on any of the complaint forms. The form clearly requires Plaintiff to disclose "other" cases and there can be no question that Plaintiff was aware that he was filing multiple cases. Even if the form only required disclosure of "prior" cases (which the Court concludes it does not), the instant Complaint bears a date-stamp *after* the other two cases and was received for filing after the other two cases, and therefore Plaintiff was required to disclose the "prior" cases. .

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th

Cir. Feb. 10, 2011).[2]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a

---

[2]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

complaint is related to or is affected by another case. The failure to exercise candor in completing the form -- while attesting to the Court that the answers are made under oath -- impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

  The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal. Plaintiff's denial of the existence of any other federal cases in his Complaint, when the cases obviously were prepared contemporaneously, reflects a clear lack of candor. Nothing in the instant Complaint suggests that Plaintiff would be

prevented from refiling his claims in a sworn complaint that truthfully discloses his filing history.  The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.

The dismissal of this case for abuse of the judicial process counts as a "strike."  Plaintiff should be warned that if he accumulate three "strikes" he will not be permitted to bring a civil action or appeal a judgment in a civil action *in forma pauperis*, unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

It is therefore respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for abuse of the judicial process.

**IN CHAMBERS** this 20th day of January 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See **11th Cir. Rule 3-1; 28 U.S.C. § 636.**